JENNIFER HOLLIDAY, ESQ. (SBN 261343)
1901 Avenue of the Stars, 2nd Floor
Los Angeles, California 90067
jhollidayesq@protonmail.com
dir. (805) 622-0225

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENEVIEVE MORTON, an individual,<br><br>Plaintiff<br><br>v.<br><br>KYLE SCHULDT, an individual; et. al.; Does 1-10,<br><br>Defendants. | **COMPLAINT**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**17 U.S.C. § 106**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Genevieve Morton ("Morton") by and through her undersigned attorney, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.
2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred as the material was displayed and distributed in Los Angeles, California.

## PARTIES

4. Morton is an individual citizen of South Africa and a Permanent Resident of the United States residing in Williamson County, Tennessee.

5. Plaintiff is informed and believes and thereon alleges that Defendant Schuldt ("SCHULDT") is an individual residing in Delaware.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8. Morton owns a certain photograph ("Subject Photograph") that she published in a limited edition 2016 calendar ("Calendar"). The Subject Photograph is set forth in **Exhibit A** attached hereto.

9. Plaintiff has registered the Subject Photograph with the U.S. Copyright Office and has complied with all necessary formalities. A true and correct copy of Ms. Morton's Certificate of Registration is attached as **Exhibit B**.

10. An unauthorized copy of the Subject Photograph appeared on or about December 21, 2021 at the URL https://twitter.com/HollywoodConfid/status/1473383521523621892 in a Tweet on Twitter.com under the account @HollywoodConfid which displayed the Subject Photograph in a "windowpane" format alongside three other photographs featuring Ms. Morton alongside the unauthorized use of her name "Genevieve Morton" ("Subject Post"). The Subject Post was "liked" 324 times and "retweeted" 32 times. The display in the windowpane format is cropped, and only Ms. Morton's breast appears in the display unless and until a user engages with the image by clicking it. A true and correct copy of a screenshot of the Subject Post is attached hereto as **Exhibit C**. A true and correct copy of a screenshot of the expanded photograph is attached hereto as **Exhibit D**.

11. Pursuant to a DMCA 512 Subpoena, Twitter, Inc. revealed information regarding the @HollywoodConfid account sufficient to identify the account holder as the Defendant, SCHULDT.

12. On information and belief, it is alleged that SCHULDT copied the Subject Photograph from the Calendar and then reproduced and displayed said work on the Twitter account using the account named @HollywoodConfid that has over 65,000 followers. SCHULDT at no time had Plaintiff's consent to

13. exploit her original work in this, or any other manner. In the account biography, SCHULDT admits, "I do not own these images."

13. According to Influencer Marketing Hub, the @HollywoodConfid Twitter account has an "engagement" rate of .062% and has an estimated earnings rate of $495-$825 per post. The Influencer Marketing Hub website defines engagement as including any "Likes, Retweets, Replies, @mentions, Follows, Profile clicks, Permalink clicks, Tweet expansion clicks, and Link clicks." The website further explains "Brands are only interested in sponsoring tweeters who build up a dominance with a particular interest group that closely matches the buyers of the brand's good or service."

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, copied, posted, hosted, displayed and distributed the Subject Photograph without Plaintiff's permission.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

15. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph and further alleges that the identical nature of the copying establishes access.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Photograph and exploited said photograph online.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by publishing and displaying the infringing material to the public, including without limitation, through its

4

Twitter account @HollywoodConfid, created on November 20, 2013, Twitter account ID 2205256309, logged in from IP Address 72.45.57.42. The last four digits of telephone number associated with the account are 7951. The e-mail address associated with the account is HollywoodConfidential123@hotmail.com.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying, displaying and distributing the Subject Photograph without Plaintiff's authorization or consent.

20. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses. Each of the thirty-two "retweets" resulted in at least one additional unauthorized copy. Each of the 324 "likes" indicates that the image was displayed without Plaintiff's authorization a minimum of 324 times.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement –

Against all Defendants, and Each)

23. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that SCHULDT knew, or should have known, were not authorized to be published by SCHULDT.

25. Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, injunctive relief and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

Against all Defendants, and Each, AND

With Respect to Each Claim for Relief that:

1. Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order

requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph; and

2. Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law; and

3. a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights; and

4. Plaintiff be awarded her attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.; and

5. Plaintiff be awarded her costs and fees under the above statutes; and

6. Plaintiff be awarded statutory and enhanced damages under the statutes set forth above; and

7. Plaintiff be awarded pre-judgment interest as allowed by law; and

8. Plaintiff be awarded the costs of this action; and

9. Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 28, 2022

By: /s/JENNIFER HOLLIDAY

JENNIFER HOLLIDAY, ESQ.
Attorney for Plaintiff

7

# EXHIBIT A



# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marie Strong*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-211-724**

Effective Date of Registration:
July 28, 2020
Registration Decision Date:
July 29, 2020

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)
For Photographs Published: October 01, 2016 to October 31, 2016

### Title
- **Title of Group:** Borneo 2016
- **Number of Photographs in Group:** 14

### Completion/Publication
- **Year of Completion:** 2016
- **Earliest Publication Date in Group:** October 01, 2016
- **Latest Publication Date in Group:** October 31, 2016
- **Nation of First Publication:** United States

### Author
- **Author:** Genevieve Morton
- **Author Created:** photographs
- **Citizen of:** South Africa
- **Domiciled in:** United States
- **Year Born:** 1986

### Copyright Claimant
- **Copyright Claimant:** Genevieve Morton
  7190 Sunset Blvd. # 1124, Los Angeles, CA

### Rights and Permissions
- **Name:** Genevieve Morton
- **Email:** speaktogenevieve@genevievemorton.com

### Certification

**Name:** Genevieve Morton
**Date:** June 21, 2020

---

**Correspondence:** Yes

**Copyright Office notes:** Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

# EXHIBIT C



# EXHIBIT D

